

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AOSTA SHIPPING CO. LTD.,

                                  Plaintiff,       08 CV 7649 (JSR)

-v-

                                                      **VERIFIED COMPLAINT**

OSL STEAMSHIP CORP., ZHANGJIANG FAREAST
INTERNATIONAL SHIPPING AGENCY Co. Ltd., and
CLEAR WATER SHIPPING LIMITED.

                                  Defendants.
-------------------------------------------------------------x

      Plaintiff, AOSTA SHIPPING CO. LTD., (hereinafter "AOSTA"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, OSL STEAMSHIP CORP (hereinafter "OSL"), ZHANGJIANG FAREAST INTERNATIONAL SHIPPING AGENCY Co. Ltd (hereinafter "ZHANGJIANG"), and CLEAR WATER SHIPPING LIMITED (hereinafter "CLEAR WATER"), alleges upon information and belief as follows:

## JURISDICTION

      1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.    At all times material hereto, Plaintiff, AOSTA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Malta, with principal place of business in Valletta, Malta.

3. At all times material hereto, Defendant, OSL, was and still is a foreign business entity duly organized and existing pursuant to the laws of Panama, with a registered agent in Panama at Padilla y Asociados, Cale 32 este #3-32, Panama, Republica de Panama.

4. At all times material hereto, Defendant, ZHANGJIANG, was and still is a foreign business entity with a principal place of business at Jingang To Wn, Zhangjiagang City, Jiansu, China.

5. At all times material hereto, Defendant, CLEAR WATER, was and still is a foreign business entity with a principal place of business at 1 Fenghe Road, Shanghai, China, 200120.

6. On or about November 19, 2007, AOSTA, as owners of the M.V. SUERTE, and OSL, as charterers, entered into a NYPE time charter agreement for a time charter trip from West Africa to China for a duration of about sixty (60) days.

7. This NYPE time charter party agreement is a maritime contract.

8. Pursuant to the terms and conditions agreed between the parties in the charter party contract, AOSTA and OSL agreed, among other things, that OSL, as charterer, would fumigate the cargos carried on board the vessel.

9. The parties further agree to the arbitration of disputes arising out of the maritime contract in London with English law to apply.

10. In accordance with the parties' agreement, AOSTA delivered the MV SUERTE to OSL and a cargo of logs was loaded on board at Douala, Cameroon on or about December 4, 2007, and thereafter at Bata, Equatorial Guinea on or about December 16, 2007.

11. Following the completion of loading, the vessel departed destined for China. En route, the vessel began to take on water and had to stop in Durban, South Africa to effect necessary repairs. Following completion of the repairs, the vessel continued and completed its voyage to China.

12. Upon arrival at Zhangjiagang, China, the cargo was alleged to have been found infested with pests and otherwise damaged.

13. As a result of the claimed cargo damage, the cargo receivers lodged claims for the infested and damaged cargo and the vessel was arrested.

15. In order to obtain the release of the vessel, AOSTA was required to provide the cargo claimants with security in the amount of RMB 6 million (i.e. – approximately USD 873,594).

16. Pursuant to the terms and conditions of the time charter party, Charterers were obligated to fumigate the cargo and/or otherwise keep the cargo free of any pests or other infestations.

17. Plaintiff, AOSTA, has been forced to incur various costs and expenses in responding to and/or defending the claims asserted by the cargo receivers in the approximate amount of USD 30,000, and will incur additional costs in defending the cargo claims, as well as in prosecuting its claim against OSL.

18. Despite AOSTA's demand for Defendant, OSL, to assume the defense of the cargo claims and/or provide security for same, OSL, has failed, neglected and/or otherwise refused to do so.

19. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law,

3

including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$250,000.00.

20. As best as can now be estimated, the Plaintiff AOSTA expects to recover the following amounts in London arbitration from Defendant OSL:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 903,594.00* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 225,642.22* |
| C. | Estimated attorneys' fees: | *$250,000.00* |
| | **Total Claim** | **$1,379,236.22** |

21. Therefore, AOSTA's total claim for breach of the maritime contract against Defendant is in the aggregate USD 1,379,236.22.

22. At all material times, there existed such unity of ownership and interest between Defendant OSL and Defendants ZHANGJIANG and CLEAR WATER that no separation exists between them and the corporate form of Defendants has been disregarded such that Defendant OSL primarily transacted the business of Defendants ZHANGJIANG and CLEAR WATER, and vice versa.

23. Upon information and belief, at all material times, Defendant OSL, operated in the name of Defendants ZHANGJIANG and CLEAR WATER such that Defendant OSL was the beneficial owner of Defendants ZHANGJIANG and CLEAR WATER, and vice versa.

24. Upon information and belief, OSL, ZHANGJIANG and CLEAR WATER hold themselves out as subsidiaries within the OSL network.

25. Upon information and belief, OSL, ZHANGJIANG and CLEAR WATER are each one of several entities which is operated, controlled and managed as a single economic enterprise.

26. Upon information and belief, among the entities which comprise the OSL network, including OSL, ZHANGJIANG and CLEAR WATER, there is a commonality of control and management and an overlap of officers, directors and employees.

27. Upon information and belief, at all material times, Defendant OSL and Defendants ZHANGJIANG and CLEAR WATER, have overlapping ownership, management, personnel and purposes such that Defendants do not operate at arms length.

28. Upon information and belief, at all material times, Defendants OSL, ZHANGJIANG and CLEAR WATER have had common addresses, common contact information such that the Defendant OSL has no independent corporate identity.

29. Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

30. Upon information and belief, at all material times, Defendant OSL has dominated, controlled and used Defendants ZHANGJIANG and CLEAR WATER for its own purposes such that there is no meaningful difference between the entities, and vice versa.

31. Upon information and belief, at all material times, Defendant OSL has disregarded the corporate form of Defendant ZHANGJIANG and CLEAR WATER to

the extent that Defendant OSL, was actually carrying on ZHANGJIANG and CLEAR WATER's business and operations as if the same were its own, and vice versa.

32. Upon information and belief, Defendant OSL utilizes the Defendants ZHANGJIANG and CLEAR WATER to transfer funds through, to and from the Southern District of New York on its behalf.

33. On one or more occasion, OSL used ZHANGJIANG and CLEAR WATER to make freight payments on its behalf.

34. There are reasonable grounds to conclude that the Defendants ZHANGJIANG and CLEAR WATER are the alter-egos of Defendant OSL and, therefore, Plaintiff has a valid prima facie *in personam* claim against Defendants ZHANGJIANG and CLEAR WATER based upon alter ego liability.

## BASIS FOR ATTACHMENT

35. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

36. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of

6

vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

    WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

    B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD 1,379,236.22 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in

the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
          August 29, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              AOSTA SHIPPING CO. LTD

By: _____
        George M. Chalos (GC-8693)
        123 South Street
        Oyster Bay, New York 11771
        Tel: (516) 714-4300
        Fax: (866) 702-4577
        Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AOSTA SHIPPING CO. LTD.,

                                            Plaintiff,        08 CV 7649 (JSR)

-v-

                                                                **VERIFICATION OF COMPLAINT**

OSL STEAMSHIP CORP., ZHANGJIANG FAREAST
INTERNATIONAL SHIPPING AGENCY Co. Ltd., and
CLEAR WATER SHIPPING LIMITED.

                                            Defendants.
-----------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, AOSTA SHIPPING CO. LTD., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       August 29, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              AOSTA SHIPPING CO. LTD.

By:        _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com